IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES

VS.                          CRIMNAL DOCKET NO.: 3:22-CR-127-DCB-LGI

3:22-CR-128-DCB-LGI

TYUNNA LAMAR JORDAN                                        DEFENDANT

<u>ORDER</u>

BEFORE THE COURT are Defendant Tyunna Jordan's ("Defendant") Motions[1] to Revoke or Amend Magistrate's Pretrial Detention Order ("Motion") [ECF No. 35]; [ECF No. 45]. The Court, having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Factual & Procedural Background

On December 6, 2022, a grand jury indicted Defendant for possession of more than 50 grams of methamphetamine with intent to distribute. [ECF No. 35] at 1. By separate indictment on that same day, a grand jury further charged Defendant with conspiracy to distribute 40 grams or more of fentanyl and possession of more than 40 grams of fentanyl with intent to distribute. <u>Id.</u>

---

[1] As Defendant filed the Motion in each of his two, separate pending criminal cases, the Court will address both in this Order. For simplicity, the Court will refer to Electric Case Filings in the case captioned 3:22-CR-127-DCB-LGI.

At the conclusion of a detention hearing that was held on December 20, 2022, Magistrate Judge Isaac ordered that Defendant be detained pending trial. [ECF No. 37]. On February 3, 2023, Defendant filed this Motion in which he argues that the Court should revoke the Judge Isaac's Order of Detention Pending Trial [ECF No. 37] and provide him reasonable bail because the government has failed to meet its burden. [ECF No. 35] at 5.

II.  Discussion

Parties have a right to seek review of a magistrate judge's detention or release order. 18 U.S.C. § 3145(a). That right is waived if a party fails to appeal within 14 days. Fed. R. Crim. P. 59; U.S. v. Curtis, No. CRIM. 3:07-CR-59-WHB, 2007 WL 3124610 (S.D. Miss. 2007); United States v. Tooze, 236 F.R.D. 442, 445–46 (D. Ariz. 2006); United States v. Adams, 2022 WL 14813734, at *2 (D. Ariz. Oct. 26, 2022).

Under Rule 59(a) of the Federal Rules of Criminal Procedure:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time

the court sets. The district judge must
consider timely objections and modify or set
aside any part of the order that is contrary
to law or clearly erroneous. Failure to object
in accordance with this rule waives a party's
right to review.

In this case, Judge Isaac presided over Defendant's
detention hearing in accordance with the policies and procedures
of this Court on December 20, 2022 and ordered him detained
pending trial. [ECF No. 37]. Defendant filed this Motion on
February 3, 2023, which is well over the 14-day period
prescribed by Rule 59(a). [ECF No. 35]. Accordingly, the Court
finds that Defendant waived his right to review Judge Isaac's
Order.

Despite Rule 59's waiver provision, a district court
retains discretionary authority to review release decisions of
magistrate judges. Tooze, 236 F.R.D. at 446. The Court declines
to exercise its discretion in this case. Had the Court exercised
its discretion to review Judge Isaac's Order de novo, the Court
would nevertheless deny Defendant's Motion for the following
reasons.

The Bail Reform Act mandates the release of a person
pending trial unless the court concludes that "no condition or
combination of conditions will reasonably assure the appearance
of the person as required and the safety of any other person in
the community." 18 U.S.C. § 3142(e). However, "the existence of

probable cause to believe that the defendant committed a crime in violation of 21 U.S.C. § 801, et seq., creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community." United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992).

If defendant proffers evidence to rebut the presumption of dangerousness or flight risk, the Court then considers four factors in determining whether to detain or release the defendant:

> (1) the nature and circumstances of the offense charged ...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

4

18 U.S.C. § 3142(g).

In this case, Defendant argues that the Court should revoke or amend Judge Isaac's Order because: (1) the evidence supports that someone other than Defendant could have supplied the drugs subject to the first indictment and the evidence is not conclusive as to whether Defendant himself delivered the drugs subject to the second indictment; (2) Defendant's family members testified that he was not a danger to and had substantial ties to their community; (3) Defendant's past charges only resulted in one misdemeanor conviction for credit card fraud; and (4) Defendant surrendered himself to law enforcement as scheduled on December 15, 2022. [ECF No. 35] at 7-10.

The Government argues that: (1) Special Agent Robert Honnet ("Agent Honnet") testified at the detention hearing and explained how a Title III wire intercept, a confidential source, and air surveillance provided ample evidence that Defendant provided the drugs in question in the first indictment; (2) Agent Honnet further testified that law enforcement intercepted communications in which Defendant discussed distributing fentanyl pills that ultimately resulted in the seizure of the shipment of fentanyl subject to the second indictment; (3) Agent Honnet further testified that agents confirmed Defendant's location at the shipping store through GPS location data; (4)

Defendant's relatives provided no specifics regarding the Defendant's character, employment, residence, or risk of flight and danger to the community;[2] (5) Defendant, upon learning of his co-conspirators' indictments while in California, chose not to board his return flight to Jackson, Mississippi and initially only flew to Dallas, Texas, his layover destination, before eventually surrendering himself; and (6) Defendant has a 2021 conviction for credit card fraud and arrests for possession of crack cocaine, false information, domestic violence, and carrying a concealed weapon. [ECF No. 38] at 7-11.

Having reviewed these pleadings and the detention hearing transcript, the Court concludes that a de novo review would not result in a reversal of Judge Isaac's Order, given the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. § 3142(g).

For the foregoing reasons, Defendant's Motions [ECF No. 35]; [ECF No. 45] shall be DENIED.

---

[2] Defendant's own father and aunt even acknowledged during his testimony that selling drugs poses a danger to members of the community. [ECF No. 38] at 57, 69. Defendant's fiancé only testified to Defendant having less than two years of steady employment and only irregular employment with a relative for the decade prior to that. Id. at 61-62.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motions to Revoke or
Amend Magistrate's Pretrial Detention Order [ECF No. 35]; [ECF
No. 45] are DENIED.

SO ORDERED, this 13th day of March, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE